```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
JOSEPH L. GUNTER, JR.,                   :
                    Plaintiff,           :
                                         :        07 Civ. 8847 (DLC)
           -v-                           :
                                         :        OPINION & ORDER
MICHAEL J. ASTRUE,                       :
COMMISSIONER OF SOCIAL SECURITY,         :
                    Defendant.           :
                                         :
---------------------------------------- X
```

Appearances:

Plaintiff Pro Se:

Joseph L. Gunter, Jr.
686 East 220 Street
Bronx, New York 10467

For Defendant:

Leslie A. Ramirez-Fisher
Assistant United States Attorney
United States Attorney's Office
Southern District of New York
86 Chambers Street
New York, New York 10007


DENISE COTE, District Judge:

   Plaintiff Joseph L. Gunter, Jr. ("Gunter") brings this action pro se pursuant to Sections 205(g) and 1631(c) of the Social Security Act (the "Act"), 42 U.S.C. §§ 405(g) & 1383(c), seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying him Supplemental Security Income ("SSI") benefits as provided for under the Act.

The Commissioner moves for judgment on the pleadings on the ground that substantial evidence of record supports the Commissioner's decision that Gunter failed to demonstrate that he was disabled within the meaning of the Act during the period at issue.  Gunter has not submitted opposition to the Commissioner's motion.  For the following reasons, the motion is granted.

BACKGROUND

The following facts are taken from the administrative record and are undisputed.  Gunter is currently 49 years old and, at the time of the filing of this complaint, was living in temporary housing.  Gunter testified that he earned his general equivalency diploma and completed two years of college in an electronics technician program.  He also served in the United States Army and received two honorable discharges.  On April 23, 2004, Gunter filed applications for SSI benefits, claiming that he became unable to work due to a disability on February 2, 2002.  Gunter elaborated on his physical ailments in a disability report, dated May 20, 2004, in which he listed worn cartilage in both knees, bone chips in both ankles, shoulder pain, and cramps and tingling in his left arm as conditions limiting his ability to work.  Gunter also testified that he worked as an electronics technician for various private

2

companies from January 1989 until the onset of his alleged disability in February 2002.

DISCUSSION

I. Standard of Review

In reviewing a decision of the Commissioner, a court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). A determination of the ALJ may be set aside only if it is based upon legal error or is not supported by substantial evidence. Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999). "Substantial evidence" is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Halloran v. Barnhart, 362 F.3d 28, 31 (2d Cir. 2004) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Furthermore, if the findings of the Commissioner as to any fact are supported by substantial evidence, those findings are conclusive, Diaz v. Shalala, 59 F.3d 307, 312 (2d Cir. 1995); thus, the reviewing court does not decide the case de novo. Halloran, 362 F.3d at 31.

The Commissioner will find a claimant disabled under the Act if the claimant demonstrates the "inability to engage in any

substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The claimant's impairment must be

> of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers in either the region where such individual lives or in several regions of the country.

Id. § 423(d)(2)(A). The disability must be "demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. § 423(d)(3).

The Commissioner uses a five-step process when making disability determinations. See 20 C.F.R. §§ 404.1520 & 416.920. The Second Circuit has described the process as follows:

> First, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity. Where the claimant is not, the Commissioner next considers whether the claimant has a "severe impairment" that significantly limits her physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment that is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Assuming the claimant does not have a listed impairment, the fourth

4

> inquiry is whether, despite the claimant's severe
> impairment, she has the residual functional capacity
> to perform her past work.  Finally, if the claimant is
> unable to perform her past work, the burden then
> shifts to the Commissioner to determine whether there
> is other work which the claimant could perform.

Jasinski v. Barnhart, 341 F.3d 182, 183-84 (2d Cir. 2003) (citation omitted).  A claimant bears the burden of proof as to the first four steps, while the Commissioner bears the burden in the final step.  Schaal v. Apfel, 134 F.3d 496, 501 (2d Cir. 1998).

In making an evaluation, an ALJ must "carefully consider the individual's statements about symptoms" along with all of the other evidence in the case record, and must make findings about the credibility of the claimant's statements.  See Evaluations of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, Social Security Ruling 96-7p, 61 Fed. Reg. 34,483, 34,484 (July 2, 1996).  "An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence."  Id. An ALJ will consider the following factors when evaluating a claimant's symptoms:

> (1) [the claimant's] daily activities; (2) the
> location, duration, frequency, and intensity of [the
> claimant's] pain or other symptoms; (3) precipitating
> and aggravating factors; (4) the type, dosage,

5

>  effectiveness, and side effects of any medication [the
>  claimant] takes or has taken to alleviate [his] pain
>  or other symptoms; (5) treatment, other than
>  medication, [the claimant] receives or has received
>  for relief of [his] pain or other symptoms; (6) any
>  measures [the claimant] uses or has used to relieve
>  his pain or other symptoms; and (7) other factors
>  concerning [the claimant's] functional limitations and
>  restrictions due to pain or other symptoms.

20 C.F.R. § 416.929(c)(3). Conclusory findings of a lack of credibility will not suffice; rather, an ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." Social Security Ruling 96-7p, 61 Fed. Reg. at 34,484.

A finding of credibility made by an ALJ is entitled to deference by a reviewing court. The ALJ, "after weighing objective medical evidence, the claimant's demeanor, and other indicia of credibility . . . may decide to discredit the claimant's subjective estimation of the degree of impairment." Tejada v. Apfel, 167 F.3d 770, 776 (2d Cir. 1999) (citation omitted). As with any finding of fact, "[i]f the Secretary's findings are supported by substantial evidence, the court must uphold the ALJ's decision to discount the claimant's subjective complaints of pain." Perez v. Barnhart, 234 F. Supp. 2d 336, 341 (S.D.N.Y. 2002) (quoting Aponte v. Sec'y Dep't of Health &

6

Human Servs., 728 F.2d 588, 591 (2d Cir. 1984)).  Thus, a determination of credibility will only be set aside if it is not set forth "with sufficient specificity to enable [a reviewing court] to decide whether [it] is supported by substantial evidence."  Ferraris v. Heckler, 728 F.2d 582, 587 (2d Cir. 1984).

II. Evaluation of the ALJ's Decision

Gunter's applications for SSI benefits were denied initially on July 14, 2004.  Gunter then requested a hearing, which was held before Administrative Law Judge ("ALJ") Leonard Olarsch on October 24, 2006.  On November 8, 2006, ALJ Olarsch issued a written decision, finding that Gunter was not disabled under §§ 216(i), 223(d), and 1614(a)(3)(A) of the Act and, thus, was not entitled to benefits.  That decision became final on October 30, 2007 when Gunter's request for review was denied.[1]

The ALJ's conclusions regarding each of the "five steps" identified in 20 C.F.R. §§ 404.1520 & 416.920 and discussed in Jasinski, 341 F.3d at 183-84, were supported by substantial

---

[1] The Appeals Council first denied Gunter's request for review on August 3, 2007, but set aside that denial to consider certain additional information that Gunter had submitted, including a June 12, 2007 letter from Dr. Bernard Nidus ("Dr. Nidus"), one of Gunter's treating physicians, and medical records from Our Lady of Mercy Medical Center dated between May 14 and May 17, 2007.  In its October 30, 2007 decision, however, the Appeals Council explained that this additional information did not provide a basis for granting review because it pertained to events that occurred after the ALJ's November 8, 2006 decision.

evidence. First, the ALJ concluded that Gunter had not engaged in substantial gainful activity since February 2, 2002, the date of the alleged onset of his disability. The ALJ also concluded that Gunter had herniated lumbar discs, bilateral knee degenerative joint disease, and medial meniscus tears in both knees, impairments that could be considered "severe" insofar as they "significantly limit[] [his] physical or mental ability to do basic work activities."[2] 20 C.F.R. § 416.920(c). These conclusions, which are presumably not contested by Gunter, were substantially supported by Gunter's testimony and the more than three-dozen medical and psychological evaluations in the record. The ALJ further concluded that, while Gunter's conditions are classified as "severe impairments," they do not, individually or in combination, qualify as or medically equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. In reaching this conclusion, the ALJ considered the listings for respiratory and musculoskeletal system disorders and found that the medical evaluations on record did not satisfy the listing requirements. This finding was supported by substantial evidence.

---

[2] The ALJ's conclusion that Gunter's allegations of disability due to shoulder pain and hypertension are not "severe impairments" are supported by substantial evidence in the record, mainly the lack of any evidence indicating joint abnormality in his shoulders and the fact that his hypertension is managed by medication.

The ALJ next reviewed the entire record to determine Gunter's residual functional capacity and whether he could perform the requirements of his past work or of other work that exists in significant numbers in the national economy. On review of the record, the ALJ gave controlling weight to the conclusions reached by treating physician Dr. Nidus to the extent that they were consistent with substantial evidence of record and gave substantial weight to the opinions of state agency consultants and Dr. Kyung Seo ("Dr. Seo"), the physician who examined Gunter consultatively in June 2004. The ALJ also credited Gunter's testimony and all subjective complaints of symptoms to the extent that they did not conflict with objective evidence.

In reviewing Gunter's claims in light of the medical evidence on record, the ALJ determined that Gunter's testimony concerning the intensity, frequency, and limiting effects of his symptoms was not fully credible. Specifically, Gunter's claims of constant lower back pain and knee discomfort were undermined by his testimony that he walked for exercise and performed various household chores including, inter alia, vacuuming, emptying the trash, and grocery shopping. Further, Gunter revealed during the hearing that he was able to drive a truck in February 2006 and that he had intended to purchase the truck for his own use until the deal fell through. There is substantial

9

evidence in the record to support the ALJ's conclusions, and his reasoning and evidentiary support were set forth with "sufficient specificity" to enable the required review. Ferraris, 728 F.2d at 587.

Based on these findings, the ALJ concluded that Gunter has the residual functional capacity to perform sedentary work, which is described as work that involves lifting no more than 10 pounds at one time, lifting or carrying small articles (e.g., docket files or small tools), sitting up to a total of six hours in an eight-hour workday, and standing or walking up to two hours in an eight-hour workday. These findings were supported by substantial evidence in the record including, inter alia, the medical evaluations conducted by treating physician Dr. Nidus between June 13, 2003 and January 26, 2005, and the consultative medical examination conducted by Dr. Seo on June 9, 2004.

The ALJ concluded, based on these findings of residual capacity, that Gunter could not continue his past work as either an electronics worker or a warehouse inventory clerk, but that there were jobs existing in significant numbers in the national economy that he could perform. This conclusion was based on the testimony of a vocational expert who indicated that Gunter could perform the unskilled, sedentary work of an order clerk and a surveillance systems monitor given his residual functional capacity, age, education, and work experience, in conjunction

10

with the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2.  The expert also testified that Gunter could not perform these jobs if full credit was given to Dr. Nidus's opinions; however, as previously stated, the ALJ credited Dr. Nidus's conclusions only to the extent that they were consistent with substantial evidence of record and, thus, did not find support for all of his statements.  The ALJ's conclusions regarding Gunter's ability to work were thus supported by substantial evidence.

After an evaluation of the record and the Commissioner's arguments, this Court finds that the ALJ's decision, which is entitled to deferential review, is supported by substantial evidence.  Since Gunter did not oppose the Commissioner's motion for judgment on the pleadings, the Court reviewed the complaint with particular care to address any flaws in the ALJ's decision identified by Gunter.  Gunter does not identify any particular deficiency, stating only that the ALJ's decision "was erroneous, not supported by substantial evidence on the record, and/or contrary to law."  Gunter did attach several supporting documents to his complaint, including a September 6, 2007 letter from Dr. Nidus, a June 2007 MRI report and other medical records, and a psychiatrist's September 2007 opinion letter.  Because these materials are either "merely cumulative of what is already in the record" or do not purport to be "relevant to the

11

claimant's condition during the time period for which benefits were denied," remand of this case to the Commissioner for consideration of Gunter's additional evidence is not warranted. Tirado v. Bowen, 842 F.2d 595, 597 (2d Cir. 1988) (citation omitted).

CONCLUSION

    The Commissioner's motion for judgment on the pleadings is granted. The Clerk of Court shall close the case.

    SO ORDERED:

Dated:    New York, New York
           August 1, 2008

                                        /s/ Denise Cote
                                        DENISE COTE
                                      United States District Judge

COPIES SENT TO:

Joseph L. Gunter, Jr.  
686 East 220th Street  
Bronx, NY 10467

Leslie A. Ramirez-Fisher  
U.S. Attorney's Office, Civil Div.  
86 Chambers Street  
New York, NY 10007